UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
CASE NO:

ORLANDIS CORONA,

      Plaintiff,

v.

CLASSICA CRUISE OPERATOR,
LTD, INC.  d/b/a MARGARITAVILLE
AT SEA, MARGARITAVILLE AT SEA,
LLC.,

      Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, ORLANDIS CORONA, (hereinafter "CORONA") by and through her undersigned counsel, and files her Complaint suing the Defendants, CLASSICA CRUISE OPERATOR LTD, INC D/B/A MARGARITAVILLE AT SEA (hereinafter "CLASSICA") and MARGARITAVILLE AT SEA, LLC. (hereinafter "MARGARITAVILLE") states as follows:

## JURISDICTION, VENUE, AND PARTIES

1. CORONA is a citizen of the United States of America, residing in the state of Florida, at the address above captioned, and therefore diversity exists.

2. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy far exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3. Admiralty jurisdiction exists pursuant to 28 U.S.C. §1333.

4.     That Defendant, CLASSICA, is a foreign corporation, authorized to do, and doing business, in the State of Florida, and did business in Florida as CLASSICA, providing cruising voyages to paying passengers, and owned and/or operated a cruising vessel known as the "Margaritaville at Sea Paradise".

5.     That Defendant, MARGARITAVILLE, is a foreign corporation, authorized to do, and doing business, in the State of Florida, and did business in Florida as MARGARITAVILLE, providing cruising voyages to paying passengers, and owned and/or operated a cruising vessel known as the "Margaritaville at Sea Paradise".

6.     At all material times, Defendants have conducted ongoing substantial and not isolated business activities in Palm Beach County, Florida, in the Southern District of Florida, so that in personal jurisdiction over the Defendants exists in the United States District Court for the Southern District of Florida.

7.     At all material times, the Defendants have engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8.     In the operative ticket contract, the Defendants requires fare-paying passengers such as the Plaintiff, to bring any lawsuit against the Defendants arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9.     Venue is also proper in this district because the Defendants principal places of business are located within this district.

10.    Plaintiff has complied with all conditions precedent to bringing this action.

## <u>GENERAL ALLEGATIONS</u>

11.    At all material times, the Defendants were engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the MARGARITAVILLE AT SEA PARADISE.

12.     At all material times, Defendants operated, managed, maintain and were in exclusive control of the MARGARITAVILLE AT SEA PARADISE.

13.     At all material times, including the injury date of May 13, 2023, the Plaintiff was a fare paying passenger aboard the MARGARITAVILLE AT SEA PARADISE (the "subject vessel") and in that capacity was lawfully present aboard the vessel.

14.     On or about May 13, 2023, Plaintiff, CORONA, was enjoying a night of music and dancing at the Hemisphere Nightclub aboard the subject vessel, located on deck 14, when she slipped and fell on a foreign substance on the dance floor, causing her to fall to the floor, landing on her left hand. The fall causing the Plaintiff to fracture her left wrist.

15.     Plaintiff contends the condition was not open and obvious to the Plaintiff or others similarly situated as to excuse the Defendants from its failure to warn.

16.     Plaintiff contends the condition created was in front of the crew staff, in particular, the bartenders, who failed to clean up the condition.

## COUNT I – NEGLIGENT MAINTAINANCE AS TO DEFENDANT, CLASSICA CRUISE OPERATOR LTD, INC D/B/A MARGARITAVILLE AT SEA

Plaintiff re-alleges all allegations pled in paragraphs one (1) through sixteen (16) above as if alleged fully herein.

17.     At all material times, including the injury date of May 13, 2023, the subject vessel were owned, operated, or controlled by Defendant, CLASSICA.

18.     At all material times, Defendant, CLASSICA, owed Plaintiff, as a fare-paying passenger lawfully onboard a passenger vessel it operated, a duty of reasonable care under the circumstances, including the duty to take reasonable steps to maintain the dance floor where Plaintiff was injured, in a reasonably safe condition and free of conditions that could cause injury to the passengers and crew. Furthermore, Defendant, CLASSICA, owed a duty of reasonable care

under the circumstances, including the duty to take reasonable steps to maintain the dance floor where Plaintiff slipped and fell, in a reasonably safe condition.

19.     Defendant and/or its agents, servants and/or employees breached its duty of reasonable care under the circumstances to Plaintiff through the following acts and/or omissions:

    a.  Failure to provide reasonably safe dance floor, free of dangers, including unreasonably hazardous foreign substances;

    b.  Failure to promulgate and/or enforce adequate policies and procedures for safety of passengers using the wet dance floor;

    c.  Failure to adequately train crewmembers in the proper method of maintaining the dance floor of hazardous conditions, i.e. a wet dance floor;

    d.  Failure to analyze prior accidents aboard Defendant's vessels occurring in the same area(s) and/or so as to remedy such hazardous conditions including, so to avoid hazardous situations;

    e.  Failure to promulgate and/or enforce adequate policies and/or procedures regarding the damaged and hazardous wet dance floor, so that it creates an unreasonably dangerous hazard and/or condition to the fare-paying passengers;

    f.  Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff;

    g.  Knowing from previous similar incidents of the likelihood of such an accident yet failing to take steps to correct the conditions causing the accident.

h.  By engaging in a negligent mode of operation that caused or allowed dangerous condition and/or defect to exist on the subject vessel;

i.  Negligently maintaining the dance floor by causing or allowing the dance floor to exist be wet and thus creating an unreasonably safe manner of operation for that dance floor, making it unreasonably dangerous and failed to discover and remedy the dangerous condition, resulting in the fall of Plaintiff, causing severe injuries and damages to Plaintiff; and

j.  By allowing passengers to take drinks onto the dance floor where a spill of a drink is easily predictable.

20.  At all material times, CLASSICA knew or should in the exercise of reasonable care have known of the dangerous condition of the wet5 dance floor as referenced above.

21.  Defendant, CLASSICA's has actual and/or constructive notice that its flooring becomes slippery, and therefore unreasonably dangerous, when wet.  This is evidenced by, inter alia:

a.  Defendant keeps records of each slip and fall;

b.  Defendant has had many claims/lawsuits brought against it, alleging slippery flooring on their nightclub dance floors;

c.  Defendant trains all of their employees to be on the look-out for liquid on the floor; and

d.  Defendant trains all of their employees to clean floor areas where liquid is detected.

22.  Notwithstanding CLASSICA's actual or constructive knowledge of the dangerous condition of the wet dance floor where Plaintiff slipped and fell, CLASSICA failed before the time of the Plaintiff's injury to take reasonable measures to maintain the dance

floor of the nightclub on deck 14 in a reasonably safe condition by correcting its dangerous condition, by closing the entrance to the dance floor at the nightclub on deck 14. Alternatively, repair the defect that caused the Plaintiff's fall and subsequent injuries. CLASSICA thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

23.     Defendant is vicariously for the negligent acts of the Defendant's employees and as such "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021). See also *McLean v. Carnival*; Case No.: 22-CV-23187-Scola, Ecf. No. 26; (dated January 24, 2023).

24.     At all material times the dangerous condition of the dance floor in the nightclub on deck 14 referenced above was neither known, open nor obvious to the Plaintiff.

25.     As a direct and proximate result of CLASSICA's negligence as described above the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

26.     As a direct and proximate result of the event described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CLASSICA for damages suffered

as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT II- NEGLIENCE-FAILURE TO INSPECT AS TO DEFENDANT, CLASSICA CRUISE OPERATOR LTD, INC D/B/A MARGARITAVILLE AT SEA

Plaintiff re-alleges all allegations pled in paragraphs one (1) through sixteen (16) above as if alleged fully herein.

27.     At all material times, including the injury date of May 13, 2023, the subject vessel was and is owned, operated, or controlled by CLASSICA.

28.     At all material times, CLASSICA owed Plaintiff, as a fare-paying passenger lawfully onboard a passenger vessel it operated, a duty of reasonable care under the circumstances, including the duty to take reasonable steps to inspect the dance floor of its nightclub on deck 14 where Plaintiff slipped and fell and as a product of same was injured, to make sure it was in a reasonably safe condition and free of conditions that could cause injury to the passengers and crew.

29.     Defendant and/or its agents, servants and/or employees breached its duty of reasonable care under the circumstances to Plaintiff through the following acts and/or omissions:

a.      Failure to provide a reasonably safe dance floor, free of dangers, including unreasonably hazards as water and/or foreign substances on the dance floor that can cause their vessel patrons to slip and fall;

b.      Failure to promulgate and/or enforce adequate policies and procedures for safety of passengers using the dance floor of the nightclub on deck 14;

c.      Failing to inspect the dance floor in the nightclub on deck 14, at regular intervals, to prevent the condition, causing Plaintiffs' injuries from occurring;

d.      Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff;

e.      By negligently and carelessly failing to inspect the subject vessel, and to warn the public, including Plaintiff, of the dangerous condition that existed on the subject vessel; to wit the wet dance floor at the nightclub on deck 14; and

f.      By negligently and carelessly failing to avoid having the passengers taking drinks onto the dance floor where a spill of the drink is easily predictable.

30.     At all material times, CLASSICA knew or should in the exercise of reasonable care have known of the dangerous condition of the dance floor at the nightclub on deck 14 as referenced above. The condition that caused the Plaintiff's fall should/could have been detected with a reasonable inspection as this type of condition should/would/could not manifest itself in sure a short period of time to not provide a reasonable time to inspect and detect the dangerous condition.

31.     Defendant, CLASSICA's has actual and/or constructive notice that its flooring becomes slippery, and therefore unreasonably dangerous, when wet.  This is evidenced by, inter alia:

a.      Defendant keeps records of each slip and fall;

b.      Defendant has had many claims/lawsuits brought against it, alleging slippery flooring on their nightclub dance floors;

c.      Defendant trains all of their employees to be on the look-out for liquid on the floor; and

d.      Defendant trains all of their employees to clean floor areas where liquid

is detected.

32.     Notwithstanding CLASSICA's actual or constructive knowledge of the dangerous condition of the dance floor at the nightclub on deck 14 where Plaintiff slipped and fell, CLASSICA failed before the time of the Plaintiff's injury to take reasonable measures to maintain the dance floor of the nightclub on deck 14 in a reasonably safe condition by correcting its dangerous condition, by closing the entrance to the dance floor. Alternatively, repair the defect that caused the Plaintiff's fall and subsequent injuries. CLASSICA thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

33.     Defendant is vicariously for the negligent acts of the Defendant's employees and as such "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." Yusko v. NCL (Bahamas), Ltd., 4 F.4th 1164, 1170 (11th Cir. 2021). See also McLean v. Carnival; Case No.: 22-CV-23187-Scola, Ecf. No. 26; (dated January 24, 2023).

34.     At all material times the dangerous condition of the wet dance floor at the nightclub on deck 14 referenced above was neither known, open nor obvious to the Plaintiff.

35.     As a direct and proximate result of CLASSICA's negligence as described above the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

36.     As a direct and proximate result of the event described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CLASSICA for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT III – NEGLIGENT FAILURE TO WARN AS TO DEFENDANT, CLASSICA CRUISE OPERATOR LTD, INC D/B/A MARGARITAVILLE AT SEA

Plaintiff re-alleges all allegations pled in paragraphs one (1) through sixteen (16) above as if alleged fully herein.

37.     At all material times, including the injury date of May 13, 2023, the subject vessel was and is owned, operated, or controlled by CLASSICA.

38.     At all material times, CLASSICA owed Plaintiff, as a fare-paying passenger lawfully onboard the subject vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, such as Plaintiff.

39.     Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

a.  Failing to adequately warn of injury risks created by the condition of the wet dance floors at the nightclub on deck 14, including securing clean-up and maintenance of the dance floor, in order to ensure the safety of all fare-paying passengers, including the Plaintiff;

b.  Failure to warn the Plaintiff of the unreasonably dangerous condition of the subject area; i.e. the foreign substance spilled on the dance floor at the nightclub on deck 14;

c.  Failure to warn the Plaintiff that the subject area becomes unreasonably slippery and hazardous when wet;

d.  Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably slippery and dangerous dance floor at the nightclub on deck 14;

e.  Failure to warn passengers and the Plaintiff of other accidents previously occurring in same area due to foreign substances on the dance floor, making it unreasonably dangerous and failed to warn of that dangerous condition, resulting in the slip and fall of Plaintiff, causing severe injuries and damages to Plaintiff;

f.  Failure to warn fare paying passengers that dancing on the dance floor when the dance floor is wet was dangerous and/or hazardous condition thereby causing a slipping hazard; and

g.  Failure to warn the fare paying passengers that drinks were allowed to be taken onto the dance floor, where a spill of the drink is easily predictable.

40.  At all material times, CLASSICA knew or should in the exercise of reasonable care have known of the dangerous condition of the dance floor at the nightclub on deck 14 as referenced above.

41.  Defendant, CLASSICA's has actual and/or constructive notice that its flooring becomes slippery, and therefore unreasonably dangerous, when wet.  This is evidenced by, inter alia:

a.  Defendant keeps records of each slip and fall;

b.  Defendant has had many claims/lawsuits brought against it, alleging slippery flooring on their nightclub dance floors;

c.  Defendant trains all of their employees to be on the look-out for liquid

on the floor; and

d.      Defendant trains all of their employees to clean floor areas where liquid is detected.

42.      Notwithstanding CLASSICA's actual or constructive knowledge of the dangerous condition of the dance floor at the nightclub on deck 14 where Plaintiff slipped and fell, CLASSICA failed before the time of the Plaintiff's injury to take reasonable measures to maintain the dance floor at the nightclub on deck 14 in a reasonably safe condition by correcting its dangerous condition, by closing the entrance to dance floor at the nightclub on deck 14. Alternatively, repair the defect that caused the Plaintiff's slip and fall and subsequent injuries. CLASSICA thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

43.      Defendant is vicariously for the negligent acts of the Defendant's employees and as such "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." Yusko v. NCL (Bahamas), Ltd., 4 F.4th 1164, 1170 (11th Cir. 2021). See also McLean v. Carnival; Case No.: 22-CV-23187-Scola, Ecf. No. 26; (dated January 24, 2023).

44.      At all material times the dangerous condition of the wet dance floor at the nightclub on deck 14 referenced above was neither known, open nor obvious to the Plaintiff.

45.      As a direct and proximate result of CLASSICA's negligence as described above the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

46.      As a direct and proximate result of the event described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical,

hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CLASSICA for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

<u>COUNT IV – NEGLIGENT MAINTAINANCE AS TO DEFENDANT, MARGARITAVILLE AT SEA, LLC</u>

Plaintiff re-alleges all allegations pled in paragraphs one (1) through sixteen (16) above as if alleged fully herein.

47.     At all material times, including the injury date of May 13, 2023, the subject vessel were owned, operated, or controlled by Defendant, MARGARITAVILLE.

48.     At all material times, Defendant, MARGARITAVILLE, owed Plaintiff, as a fare-paying passenger lawfully onboard a passenger vessel it operated, a duty of reasonable care under the circumstances, including the duty to take reasonable steps to maintain the dance floor where Plaintiff was injured, in a reasonably safe condition and free of conditions that could cause injury to the passengers and crew. Furthermore, Defendant, MARGARITAVILLE, owed a duty of reasonable care under the circumstances, including the duty to take reasonable steps to maintain the dance floor where Plaintiff slipped and fell, in a reasonably safe condition.

49.     Defendant and/or its agents, servants and/or employees breached its duty of reasonable care under the circumstances to Plaintiff through the following acts and/or omissions:

a.  Failure to provide reasonably safe dance floor, free of dangers, including unreasonably hazardous of the foreign substances;

b.  Failure to promulgate and/or enforce adequate policies and procedures for safety of passengers using the wet dance floor;

c.  Failure to adequately train crewmembers in the proper method of maintaining the dance floor of hazardous conditions, i.e. a wet dance floor;

d.  Failure to analyze prior accidents aboard Defendant's vessels occurring in the same area(s) and/or so as to remedy such hazardous conditions including, so to avoid hazardous situations;

e.  Failure to promulgate and/or enforce adequate policies and/or procedures regarding the damaged and hazardous wet dance floor, so that it creates an unreasonably dangerous hazard and/or condition to the fare-paying passengers;

f.  Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff;

g.  Knowing from previous similar incidents of the likelihood of such an accident, yet failing to take steps to correct the conditions causing the accident;

h.  By engaging in a negligent mode of operation that caused or allowed dangerous condition and/or defect to exist on the subject vessel;

      i.   Negligently maintaining the dance floor by causing or allowing the dance floor to exist be wet and thus creating an unreasonably safe manner of operation for that dance floor, making it unreasonably dangerous and failed to discover and remedy the dangerous condition, resulting in the fall of Plaintiff, causing severe injuries and damages to Plaintiff; and

      j.   By allowing passengers to take drinks onto the dance floor, where a spill of the drink is easily predictable.

50.    At all material times, MARGARITAVILLE knew or should in the exercise of reasonable care have known of the dangerous condition of the wet5 dance floor as referenced above.

51.    Defendant, MARGARITAVILLE's has actual and/or constructive notice that its flooring becomes slippery, and therefore unreasonably dangerous, when wet. This is evidenced by, inter alia:

      a.   Defendant keeps records of each slip and fall;

      b.   Defendant has had many claims/lawsuits brought against it, alleging slippery flooring on their nightclub dance floors;

      c.   Defendant trains all of their employees to be on the look-out for liquid on the floor; and

      d.   Defendant trains all of their employees to clean floor areas where liquid is detected.

52.    Notwithstanding MARGARITAVILLE's actual or constructive knowledge of The dangerous condition of the wet dance floor where Plaintiff slipped and fell, MARGARITAVILLE failed before the time of the Plaintiff's injury to take reasonable measures to maintain the dance floor of the nightclub on deck 14 in a reasonably safe condition

by correcting its dangerous condition, by closing the entrance to the dance floor of the nightclub on deck 14. Alternatively, repair the defect that caused the Plaintiff's fall and subsequent injuries. MARGARITAVILLE thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

53.    Defendant is vicariously for the negligent acts of the Defendant's employees and as such "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021). See also *McLean v. Carnival*; Case No.: 22-CV-23187-Scola, Ecf. No. 26; (dated January 24, 2023).

54.    At all material times the dangerous condition of the dance floor in the nightclub on deck 14 referenced above was neither known, open nor obvious to the Plaintiff.

55.    As a direct and proximate result of MARGARITAVILLE's negligence as described above the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

56.    As a direct and proximate result of the event described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against MARGARITAVILLE for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration

of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

<u>**COUNT V- NEGLIENCE-FAILURE TO INSPECT AS TO DEFENDANT, MARGARITAVILLE AT SEA, LLC**</u>

Plaintiff re-alleges all allegations pled in paragraphs one (1) through sixteen (16) above as if alleged fully herein.

57.     At all material times, including the injury date of May 13, 2023, the subject vessel was and is owned, operated, or controlled by MARGARITAVILLE.

58.     At all material times, MARGARITAVILLE owed Plaintiff, as a fare-paying passenger lawfully onboard a passenger vessel it operated, a duty of reasonable care under the circumstances, including the duty to take reasonable steps to inspect the dance floor of its nightclub on deck 14 where Plaintiff slipped and fell and as a product of same was injured, to make sure it was in a reasonably safe condition and free of conditions that could cause injury to the passengers and crew.

59.     Defendant and/or its agents, servants and/or employees breached its duty of reasonable care under the circumstances to Plaintiff through the following acts and/or omissions:

a.     Failure to provide a reasonably safe dance floor, free of dangers, including unreasonably hazards as water and/or foreign substances on the dance floor that can cause their vessel patrons to slip and fall;

b.     Failure to promulgate and/or enforce adequate policies and procedures for safety of passengers using the dance floor of the nightclub on deck 14;

c.     Failing to inspect the dance floor in the nightclub on deck 14, at regular intervals, to prevent the condition, causing Plaintiffs' injuries from occurring;

d.      Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff;

e.      By negligently and carelessly failing to inspect the subject vessel, and to warn the public, including Plaintiff, of the dangerous condition that existed on the subject vessel; to wit the wet dance floor at the nightclub on deck 14; and

f.      By negligently and carelessly failing to avoid having the passengers taking drinks onto the dance floor where a spill of the drink is easily predictable.

60.    At all material times, MARGARITAVILLE knew or should in the exercise of reasonable care have known of the dangerous condition of the dance floor of the nightclub on deck 14 as referenced above. The condition that caused the Plaintiff's fall should/could have been detected with a reasonable inspection as this type of condition should/would/could not manifest itself in sure a short period of time to not provide a reasonable time to inspect and detect the dangerous condition.

61.    Defendant, MARGARITAVILLE's has actual and/or constructive notice that its flooring becomes slippery, and therefore unreasonably dangerous, when wet.  This is evidenced by, inter alia:

a.      Defendant keeps records of each slip and fall;

b.      Defendant has had many claims/lawsuits brought against it, alleging slippery flooring on their nightclub dance floors;

c.      Defendant trains all of their employees to be on the look-out for liquid on the floor; and

d.      Defendant trains all of their employees to clean floor areas where liquid is detected.

62.    Notwithstanding MARGARITAVILLE's actual or constructive knowledge of the dangerous condition of the dance floor in the nightclub on deck 14 where Plaintiff slipped and fell,

MARGARITAVILLE failed before the time of the Plaintiff's injury to take reasonable measures to maintain the dance floor of the nightclub on deck 14 in a reasonably safe condition by correcting its dangerous condition, by closing the entrance to the dance floor. Alternatively, repair the defect that caused the Plaintiff's to slip and fall and subsequent injuries. MARGARITAVILLE thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

63.     Defendant is vicariously for the negligent acts of the Defendant's employees and as such "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." Yusko v. NCL (Bahamas), Ltd., 4 F.4th 1164, 1170 (11th Cir. 2021). See also McLean v. Carnival; Case No.: 22-CV-23187-Scola, Ecf. No. 26; (dated January 24, 2023).

64.     At all material times the dangerous condition of the wet dance floor at the nightclub on deck 14 referenced above was neither known, open nor obvious to the Plaintiff.

65.     As a direct and proximate result of MARGARITAVILLE's negligence as described above the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

66.     As a direct and proximate result of the event described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against MARGARITAVILLE for

damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT VI – NEGLIGENT FAILURE TO WARN AS TO DEFENDANT, MARGARITAVILLE AT SEA, LLC

Plaintiff re-alleges all allegations pled in paragraphs one (1) through sixteen (16) above as if alleged fully herein.

67.     At all material times, including the injury date of May 13, 2023, the subject vessel was and is owned, operated, or controlled by MARGARITAVILLE.

68.     At all material times, MARGARITAVILLE owed Plaintiff, as a fare-paying passenger lawfully onboard the subject vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, such as Plaintiff.

69.     Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a.  Failing to adequately warn of injury risks created by the condition of the wet dance floors at the nightclub on deck 14, including securing clean-up and maintenance of the dance floor, in order to ensure the safety of all fare-paying passengers, including the Plaintiff;

    b.  Failure to warn the Plaintiff of the unreasonably dangerous condition of the subject area; i.e. the foreign substance spilled on the dance floor at the nightclub on deck 14;

  c. Failure to warn the Plaintiff that the subject area becomes unreasonably slippery and hazardous when wet;

  d. Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably slippery and dangerous dance floor at the nightclub on deck 14;

  e. Failure to warn passengers and the Plaintiff of other accidents previously occurring in same area due to foreign substances on the dance floor, making it unreasonably dangerous and failed to warn of that dangerous condition, resulting in the slip and fall of Plaintiff, causing severe injuries and damages to Plaintiff;

  f. Failure to warn fare paying passengers that dancing on the dance floor when the dance floor is wet was dangerous and/or hazardous condition thereby causing a slipping hazard, and

  g. Failure to warn the fare paying passengers that drinks were allowed to be taken onto the dance floor, where a spill of the drink is easily predictable.

70. At all material times, MARGARITAVILLE knew or should in the exercise of reasonable care have known of the dangerous condition of the dance floor of the nightclub on deck 14 as referenced above.

71. Defendant, MARGARITAVILLE's has actual and/or constructive notice that its flooring becomes slippery, and therefore unreasonably dangerous, when wet. This is evidenced by, inter alia:

  a. Defendant keeps records of each slip and fall;

  b. Defendant has had many claims/lawsuits brought against it, alleging slippery flooring on their nightclub dance floors;

  c. Defendant trains all of their employees to be on the look-out for liquid

on the floor; and

d.      Defendant trains all of their employees to clean floor areas where liquid is detected.

72.     Notwithstanding MARGARITAVILLE's actual or constructive knowledge of the dangerous condition of the dance floor at the nightclub on deck 14 where Plaintiff slipped and fell, MARGARITAVILLE failed before the time of the Plaintiff's injury to take reasonable measures to maintain the dance floor at the nightclub on deck 14 in a reasonably safe condition by correcting its dangerous condition, by closing the entrance to dance floor at the nightclub on deck 14. Alternatively, repair the defect that caused the Plaintiff's slip and fall and subsequent injuries. MARGARITAVILLE thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

73.     Defendant is vicariously for the negligent acts of the Defendant's employees and as such "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." Yusko v. NCL (Bahamas), Ltd., 4 F.4th 1164, 1170 (11th Cir. 2021). See also McLean v. Carnival; Case No.: 22-CV-23187-Scola, Ecf. No. 26; (dated January 24, 2023).

74.     At all material times the dangerous condition of the wet dance floor at the nightclub on deck 14 referenced above was neither known, open nor obvious to the Plaintiff.

75.     As a direct and proximate result of MARGARITAVILLE's negligence as described above the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

76.     As a direct and proximate result of the event described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical,

hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against MARGARITAVILLE for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable of right.

Submitted this 10th of May, 2024.

GORDON & PARTNERS
Attorney for Plaintiff
729 SW Federal Highway, Suite 212
Stuart, FL 34994
Telephone:  561-799-5070
Fax:  561-828-3122
Mhanson@fortheinjured.com
VNovoa@fortheinjured.com

BY:*/s/MARK HANSON*
 MARK HANSON, ESQ.
 FLORIDA BAR NO: 621651